

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 30, 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  04-562 |
| | : | |
| V. | : | VIOLATIONS: |
| | : | |
| ALLAN BAILEY | : | 21 U.S.C. § 963 |
| a/k/a/ Allan Bayley | : | (Conspiracy To Distribute Five |
| a/k/a "Stitch" | : | Kilograms Or More of Cocaine |
| | : | Knowing Or Intending that the |
| | : | Cocaine Will Be Unlawfully |
| | : | Imported Into The United States) |
| HARRY WRIGHT III | : | |
| | : | 21 U.S.C. § 959 |
| a/k/a/ Harry Woods | : | Distribution of Five Kilograms Or |
| a/k/a/ "Hollywood" | : | More of Cocaine Knowing Or |
| | : | Intending That The Cocaine Will |
| | : | Be Unlawfully Imported Into The |
| CLARISSA LEONARD | : | United States |
| | : | |
| | : | |
| SHIRLENE WILLIAMS | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | |
| | : | |
| | : | 21 U.S.C. § 853 |
| | : | 21 U.S.C. § 970 |
| | : | (Forfeiture) |
| Defendants | : | |
| | : | |

WALTON, J. RBW

B

FILED IN OPEN COURT

MAY 2 4 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SUPERSEDING  INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE

From on or about January 1996 until on or about December 2002, in the countries of

UNSEALED SUPERSEDING    Case Related To____CR 04-562

Grenada, Barbados and elsewhere, the defendants, **ALLAN BAILEY** (a/k/a/ Allan Bayley, a/k/a/ "Stitch") and **HARRY WRIGHT III** (a/k/a/ Harry Woods, a/k/a "Hollywood" ), did knowingly, and intentionally combine, conspire, confederate, and agree with each other, and with other co-conspirators both known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 960. All in violation of Title 21, United States Code, Sections 960 and 963, and Title 18, United States Code, Section 2.

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy to distribute cocaine in Barbados, Grenada and elsewhere outside of the United States, knowing and intending that the cocaine would be imported into the United States.

## MANNER AND MEANS OF THE CONSPIRACY

The defendants and other co-conspirators, both known and unknown to the Grand Jury, used the following manner and means to accomplish the goal of the conspiracy:

1.    **ALLAN BAILEY, HARRY WRIGHT III** and other co-conspirators obtained cocaine in Barbados, Grenada and elsewhere outside of the United States.

2.    **ALLAN BAILEY, HARRY WRIGHT III, CLARISSA LEONARD** and other co-conspirators recruited couriers to travel from the United States to Barbados, Grenada and elsewhere in order to receive the cocaine and transport the cocaine into the United States concealed on their bodies.

3.      **ALLAN BAILEY, HARRY WRIGHT III** and other co-conspirators would make travel arrangements for the couriers, including purchasing airline tickets and making hotel reservations, provide money for expenses and to recruited couriers to travel from the United States to Barbados, Grenada and elsewhere in

4.      **ALLAN BAILEY, HARRY WRIGHT III** and other co-conspirators delivered the cocaine to the couriers in Barbados, Grenada and elsewhere, instructed them how to conceal the cocaine on their bodies to avoid detection by law enforcement agents, and instructed them where to deliver the cocaine once they arrived in the United States.

5.      The couriers, including **CLARISSA LEONARD, SHIRLENE WILLIAMS** and others would conceal the cocaine on their bodies and smuggle the cocaine into the United States.

6.      **ALLAN BAILEY and/or HARRY WRIGHT III** would meet the couriers when they arrived in the United States, receive the cocaine from them, and pay the couriers for smuggling the cocaine into the United States.

## OVERT ACTS

In furtherance of the conspiracy and in order to effect and accomplish its objects, within the United States, Barbados, Grenada and elsewhere, one or more of the defendants, and other unindicted co-conspirators, both known and unknown to the Grand Jury, in various combinations, directly and indirectly, committed overt acts, including but not limited to, the following:

1. On or about December 1996 **ALLAN BAILEY** traveled to Barbados with a female whom he had recruited to smuggle cocaine.

2. On or about August 8, 1997, **ALLAN BAILEY** traveled to Barbados where he distributed cocaine to a courier to be smuggled into the United States and provided her with a one piece body suit in which to conceal the cocaine.

3. On or about Jan 25, 1998, **ALLAN BAILEY** distributed approximately seven (7) packages of cocaine to a courier in Barbados to be smuggled into the United States.

4. On or about May 30, 2002, **CLARISSA LEONARD** traveled to Granada where **ALLAN BAILEY** distributed three packages of cocaine to her, which she then smuggled into the United States.

5. On or about June 2, 2002, **HARRY WRIGHT III** met **CLARISSA LEONARD** at JFK airport in New York and paid her $6,000.00 after she delivered packages of cocaine to him which she had smuggled into the United States.

6. On or about June 2, 2002, **SHIRLENE WILLIAMS** traveled to Barbados and then to Granada were **ALLAN BAILEY** provided her with several packages of cocaine to be smuggled into the United States.

7. On or about June 7, 2002, **SHIRLENE WILLIAMS** met with **ALLAN BAILEY** and **HARRY WRIGHT III** at the Days Inn on Roosevelt Blvd., in Philadelphia, Pennsylvania, delivered packages of cocaine to them which she had smuggled into the United States, and was then paid $1,200.00.

8. On or about June 8, 2002, **SHIRLENE WILLIAMS** traveled to Barbados for the purpose of receiving cocaine from **ALLAN BAILEY** and/or other conspirators to be smuggled back into the United States.

9. On or about August 26, 2002, in Barbados, **ALLAN BAILEY** distributed a package of cocaine to **CLARISSA LEONARD** to be smuggled into the United States, concealed upon her body.

10. On or about August 27, 2002, **ALLAN BAILEY and HARRY WRIGHT III** met

CLARISSA LEONARD at JFK airport in New York and she delivered cocaine to them which she had smuggled into the United States.

11. On or about August 30, 2002, HARRY WRIGHT III came to CLARISSA LEONARD's residence and paid her in excess of $1,000.00 U.S. currency.

12. On or about October 6, 2002, HARRY WRIGHT III took a female courier shopping, provided her with $500.00 and instructed her to purchase loose fitting dresses that would conceal the drugs which she was going to be smuggling into the United States from Grenada.

13. On or about October 8, 2002, HARRY WRIGHT III drove two female couriers to JFK Airport in New York, provided them with approximately $500.00 (U.S. Currency), airline tickets and the necessary documents to check into their hotel in Grenada.

14. On or about October 14, 2002, ALLAN BAILEY and HARRY WRIGHT III, in Grenada, West Indies. distributed approximately seven (7) kilograms of cocaine to two couriers which was to be smuggled into the United States concealed upon their bodies.

All in violation of Title 21, United States Code, Sections 960, 963, and Title 18, United States Code, Section 2.

## COUNT TWO

On or about January 25, 1998, in Barbados, West Indies, ALLAN BAILEY did knowingly and intentionally distribute and cause the distribution of five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance. intending and knowing that such cocaine would be unlawfully imported into the United States.

All in violation of Title 21, United States Code, Sections 959, 963 and Title 18 , United States Code, Section 2.

## COUNT THREE

On or about May 10, 2002, in Grenada, West Indies, **ALLAN BAILEY** and **HARRY WRIGHT III** did knowingly and intentionally distribute and cause the distribution of five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, to **CLARISSA LEONARD**, intending and knowing that such cocaine would be unlawfully imported into the United States.

All in violation of Title 21, United States Code, Sections 959, 963 and Title 18 , United States Code, Section 2.

## COUNT FOUR

On or about June 6, 2002, in Grenada, West Indies, **ALLAN BAILEY and HARRY WRIGHT III** did knowingly and intentionally distribute and cause the distribution of five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance to **SHIRLENE WILLIAMS**, intending and knowing that such cocaine would be unlawfully imported into the United States.

All in violation of Title 21, United States Code, Sections 959, 963 and Title 18 , United States Code, Section 2.

## COUNT FIVE

On or about October 14, 2002, in Grenada, West Indies, **ALLAN BAILEY and HARRY WRIGHT III**, did knowingly and intentionally distribute and cause the distribution of five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending and knowing that such cocaine would be unlawfully imported into the United States.

All in violation of Title 21, United States Code, Sections 959, 963 and Title 18 , United States Code, Section 2.

## FORFEITURE ALLEGATION

Upon conviction of the criminal violations alleged in Count 1 of this Indictment, said offenses being punishable by imprisonment for more than one year, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title, or interest which the defendants may have in:

(1)    any and all money and/or property constituting, or derived from, any proceeds which said defendants obtained, directly or indirectly, as the result of the violations alleged in Count 1 of this Indictment; and

(2)    any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations alleged in Count 1 of this Indictment, together with all interest and proceeds traceable thereto, in that said property constitutes or was derived from proceeds said defendants obtained as a result of the violations charged in Count 1 of the Indictment, and is property which was used or intended to be used to facilitate said violations:

If any of the above described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third party;
(c)    has been placed beyond the jurisdiction of the Court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the property described in

paragraphs 1 and 2 above.

(Criminal Forfeiture pursuant to Title 21, United States Code, Sections 853 and 970).

A TRUE BILL:

FOREPERSON.

Michael Walther, Acting Chief
Criminal Division, Narcotic and
   Dangerous Drug Section
Department of Justice
1400 New York Ave., N.W.
Bond Building 11th Floor
Washington, D.C. 20005

By:

Patrick Askin
Stephen M. May
Trial Attorneys
Criminal Division, Narcotic and
   Dangerous Drug Section
Department of Justice
1400 New York Ave, N.W.
Bond Building 8404
Washington, D.C. 20005
(202)514-0917