```
                UNITED STATES DISTRICT COURT
              FOR THE  DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA          :

    V.                            :   Cr. No. 04-562

ALLAN BAILEY,                     :

HARRY WRIGHT, III,                :

   et al,                         :

### ORDER

Upon consideration of the Government's Motion To Exclude Time Under The Speedy Trial Act, the defendants' response thereto, and the entire record herein, it is this, _____ day of _____, 2005,

ORDERED, that the government's motion is **GRANTED**. In support of this ruling, the Court makes the following findings:

1. The Court **FINDS** and **ORDERS**, pursuant to 18 U.S.C. Section 3161(h)(8)(A), that the ends of justice are served by granting a continuance of the trial and that this interest outweighs the best interest of the public and the defendant in a speedy trial.  The reason for this finding is that this case is complex due to the nature of the prosecution and that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

    This case involves a multi-co-defendant international drug conspiracy which operated for a period of six years in

       Barbados, Grenada, and the United States. The investigation was conducted by Special Agents of the Drug Enforcement Administration and foreign law enforcement agencies. The evidence in the case includes foreign and domestic evidence. Many of the government's witnesses reside outside the United States. Because the case involves the extraterritorial application of United States law and the prosecution of an alleged drug trafficker from Barbados it may present novel questions of fact or law. Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

2. Pursuant to 18 U.S.C. Section 3161(h)(9), the Court **FINDS** by a preponderance of the evidence that: (a) an official request was made by the government on May 13, 2005 for evidence of the charged offenses; and (2) at the time of the requests, it reasonably appeared that the evidence is in a foreign country. It is therefore **ORDERED** that, any period of delay, not to exceed one year, is excludable under the Speedy Trial Act.

3. Pursuant to 18 U.S.C. Section 3161(h)(7), the Court **FINDS** that the period of time attributable to the absence of a co-defendant currently in fugitive status is excludable under 18 U.S.C. §3161(h)(7). The interests of judicial economy and the public interest in having a unified trial for co-

    defendants indicted in a single conspiracy case make the exclusion of time reasonable and appropriate in this case. The first defendant, Allan Bailey, was arrested in this case on March 11, 2005. It is therefore **ORDERED** that in computing the time within which the trial must commence, the period of time from March 11, 2005 until the last defendant is apprehended shall be excluded pursuant to 18 U.S.C. §3161(h)(7).

4. It is **ORDERED** that the trial date in this case shall be set at a future status hearing when the Court has had the opportunity to hear from the Government and defense counsel as to the progress that has been made by all sides in preparing for trial.

    **SO ORDERED,**

    _____
    UNITED STATES DISTRICT JUDGE